Edgewood Trucking Company
vs.                    No. 85583.
Edgewood Coal Company

March 31, 1932.

BAKER, J.   Heard on demurrer to the amended declaration.

This is an action in assumpsit brought by partners for breach of a written agreement.   The demurrer goes to the first count of the amended declaration.

The defendants in support of their demurrer contend, first that the plaintiff partnership was dissolved prior to the breach of the written contract complained of; second, that the dissolution of the plaintiff partnership brought about a termination of said written agreement, and, finally, that it appears from the declaration that the agreement being sued on is a new oral agreement not to be performed within the space of one year and, therefore, within the Statute of Frauds.

In connection with the latter claim, the Court is of the opinion that the defendants' contention is not correct. An examination of the amended declaration shows clearly that the breach complained of relates to the original written agreement.   The language, to which the defendants refer in support of their contention, merely alleges the fact that after the date of September 19, 1930, at which time one of the members of the plaintiff partnership withdrew from said partnership, the defendants continued to do business with the plaintiffs for some four and a half months under the terms and conditions of the written agreement.

In the judgment of the Court, therefore, the defendants take nothing by this ground of their demurrer.

As to the other contentions of the defendants, it is undoubtedly correct, as they claim, that the withdrawal of a partner from the plaintiff partnership, or the assignment of his interest to the other partners, did bring about a dissolution of the original partnership.

Vol. 20, R. C. L., pages 954, 955 and 980.
Vol. 47, Corpus Juris, p. 1116.

Granting this, however, it does not necessarily follow that the written agreement in force between the parties was thereupon terminated.   The authorities are apparently not entirely uniform in considering and treating partnership contracts.   In some jurisdictions and in certain types of contract, it has been held that the dissolution of the partnership terminates con-

tract. In these states the partnership firm has been considered as an entity.

This is not the view generally taken, however, in common law jurisdictions and the Court does not think that it is the view of the law in this state.

The Court is of the opinion that the contract, being a partnership one, is a contract with the members who compose it and, therefore, the dissolution of the partnership by reason of the death, withdrawal or assignment of the interest of a partner, does not in and of itself terminate the agreement, but that the remaining partners can enforce it unless it is a type of contract calling for peculiar personal services on the part of the partner' who has withdrawn.

> Vol. 47, Corpus Juris, pages 1042, 1045;
>
> *Hughes* vs. *Gross et al.*, 166 Mass. 61;
>
> *Wright et al.* vs. *Scotton et al.*, 121 Atl. 69 (Del.);
>
> *Roehm* vs. *Horst*, 178 U. S. 1;
>
> Burdick on Partnership, 3rd ed. pages 166-168.

In the declaration before the Court, the plaintiffs allege full knowledge on the part of the defendants of the withdrawal of the partner in question, and also that for a considerable period of time thereafter business between the plaintiffs and defendants was continued under the terms and conditions of the written agreement. These allegations, in the opinion of the Court, strengthen the plaintiffs' position in their claim that as the surviving partners they are entitled to carry out the terms of the written agreement.

In the judgment of the Court, the defendants' demurrer should be overruled.

For plaintiff: Joseph G. LeCount.

For defendant: Fergus J. McOsker.